UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 19-143-JWD-RLB |
| | : | |
| SALEEM YOUSEF DABIT | : | |
| a/k/a "Sam Dabit" | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER ARSONS**

**MAY IT PLEASE THE COURT:**

The United States objects to defendant's proposed introduction of evidence of other arsons. Such evidence is irrelevant and unduly prejudicial.

**I.     Background**

The defendant is charged with several felonies arising out of the destruction by fire of his business, Sam's Men's Fashions, on New Year's Day 2019. Trial is set for January 23, 2023.

Defendant recently provided the United States with two items of evidence that he intends to introduce at trial. The first is a list obtained from the Baton Rouge Fire Department of all arsons in Baton Rouge for the year before the Sam's fire and for the following year. See Exhibit A. The second is a map on which the defense has plotted all arsons within four miles of Sam's during the period from sixty days before the Sam's fire to sixty days after the fire. See Exhibit B.

In conversations with Government counsel and at the pre-trial conference, defense counsel posited two possible uses of the evidence. First, defense counsel suggested that the prosecution's origin and cause expert, ATF Special Agent Certified Fire Investigator (SACFI) Devin O'Brien, could be cross-examined about his failure to consider the other arsons. Second, he suggested that he might present the evidence through his investigator as proof that someone

other than defendant set the fire at Sam's.

## II. Cross-Examination of Expert

Defendant argues that, because the NFPA 921 manual[1] instructs fire investigators to consider other arsons, SACFI O'Brien's failure to consider the arsons plotted on the map is a proper matter for cross-examination. Defendant, however, is over-simplifying the guidance of the NFPA 921 and its application to SACFI O'Brien's origin and cause determination.

NFPA 921 Section 24.4.1 (2017)[2] provides that, "[o]nce the investigator has completed the fire scene examination and has concluded that the fire was incendiary, there are other evidentiary factors that should be recorded and examined, which may be critical regarding future suspect development and identification." One of the other evidentiary factors is "analysis of confirmed incendiary fires" that may detect "trends or patterns in repetitive firesetting behaviors" by an individual or group. NFPA 921 § 24.4.2. The NFPA 921 cautions that "[t]hese evidentiary factors regarding the identification of a firesetter, or the 'motive' or opportunity for the fire, cannot be substituted for a properly conducted investigation and determination of the fire's origin and cause." NFPA 921 § 24.4.1.1.

The NFPA 921 is quite clear that the analysis of other fires is to be conducted only *after* a determination that a fire was incendiary. The purpose of the analysis is to identify the arsonist, not to determine origin and cause. In this case, SACFI O'Brien will be testifying only as to the origin and cause of the fire, not as to the identification of the arsonist. As a result, the NFPA 921 manual does not provide that he should consider "other evidentiary factors" like arson trends or

---

[1] The NFPA 921 Guide for Fire and Explosion Investigations is the industry standard reference guide for conducting fire investigations. It was used by both experts in this case.
[2] The references herein are to the 2017 edition of the NFPA 921, which is the edition used by both experts.

2

patterns. As such, his failure to conduct an analysis of other incendiary fires in Baton Rouge is irrelevant. Significantly, defendant's own expert did not consider the other arsons, even though he, unlike SACFI O'Brien, has actually expressed an opinion as to the identity of the arsonist.

Even if it were proper to cross-examine SACFI O'Brien about his failure to conduct an analysis of known incendiary fires, the map and list of arsons would not be relevant. Those documents, by themselves, do not disclose any trends or patterns of repetitive firesetting behavior. Defendant can establish that SACFI O'Brien did not look for trends and patterns in other Baton Rouge fires by asking him if he conducted such an analysis. But defendant wants to go one step further by trying to demonstrate what SACFI O'Brien supposedly missed. To do that, he proposes introducing the universe of other fires in the area within certain time periods. But that universe is *where* he thinks SACFI O'Brien should have looked, not *what* SACFI O'Brien might have found. The map shows every arson in a fifty-square-mile area over a four-month period, and the list documents every arson in Baton Rouge during a two-year period. Presumably, defendant is not suggesting that all of the arsons on the map or on the list are "attributed to [an] individual or a group acting together." NFPA 921 § 24.4.2. Without a trend or pattern suggesting serial arson, the map and list are meaningless. Metaphorically speaking, defendant seeks to fault SACFI O'Brien for missing evidence hidden under a rock and, as proof of that deficiency, offers the rock instead of what's under it. If there's nothing under the rock, the expert's opinion is not undermined. The map and list simply do not demonstrate that any evidence of trends or patterns of repetitive firesetting was overlooked.

**III.    "Reverse 404(b)"**

Defendant's second proposed use of the other-arsons evidence is to have his investigator testify about obtaining the list of arsons and plotting a subset of the arsons on a map. As defense counsel acknowledged at the pre-trial conference, he wants the jury to infer from the evidence that someone else set the fire at his store.

The Fifth Circuit has recognized that "a defendant on trial for the commission of a crime, in order to negative his guilt, may show that other crimes *of a similar nature* have been committed at or about the same time *by some person other than himself*." Holt v. United States, 342 F.2d 163, 165-166 (5th Cir. 1965) (emphasis added). Such evidence is generally referred to as "reverse 404(b)" evidence. See, e.g., United States v. Stevens, 935 F.2d 1380, 1402 (3d Cir. 1991) ("In contrast to ordinary 'other crimes' evidence, which is used to incriminate criminal defendants, 'reverse 404(b)' evidence is utilized to exonerate defendants.").

The evidence of other Baton Rouge arsons is not admissible reverse 404(b) evidence. In the first place, defendant has not established that any of the other arsons are similar to the arson with which he is charged. "[I]f the characteristics of both the prior offense and the charged offense are not in any way distinctive, but are similar to numerous other crimes committed by persons other than the defendant, no inference of identity can arise." United States v. Spencer, 1 F.3d 742, 745 (9th Cir. 1992) (citation and quotation marks omitted); cf. United States v. Beechum, 582 F.2d 898, 911 n.15 (5th Cir. 1978) (en banc) (in the traditional 404(b) context, holding that, when other act evidence is offered to prove identity, "the likeness of the offenses is the crucial consideration. The physical similarity must be such that it marks the offenses as the handiwork of the accused."). Generic similarities are not enough. See United States v. Cox, 54

F.4th 502, 515 (7th Cir. 2022) (concluding that the defendant's "proffered prior bad acts share only generic similarities with the at-issue conduct"); United States v. Seals, 419 F.3d 600, 607 (7th Cir. 2005) ("The similarities between the two robberies were generic. Many robbers disguise their identities, carry firearms, and use a stolen vehicle in their getaway."). As the Seventh Circuit has explained, "[r]everse 404(b) evidence requires 'something distinctive about all the crimes that makes them form a pattern, rather than their having merely a chance resemblance.'" See Cox, 54 F.4th at 515 (quoting United States v. Murray, 474 F.3d 938, 941 (7th Cir. 2007)).

    Here, there is no proof of similarity. Defendant's evidence proves nothing other than there are a lot of arsons in Baton Rouge. Absent evidence of similarity, it is difficult to imagine how the other arsons on the map could be relevant here. There is no reason to believe that all—or any—of the other arsons were committed by a serial arsonist. There is no reason to believe that all—or any—of the other arsons share any distinctive characteristics. There is no reason to believe that any of the perpetrators of the other arsons had a motive to set fire to defendant's store. There is no reason to believe that any of the perpetrators had familiarity with or access to defendant's store. And there is no reason to believe that any of the perpetrators were at or near the store at the time of the charged arson. In short, the other arsons do not in any way suggest that one of the perpetrators of the other arsons committed the arson at defendant's store.

    Additionally, the defendant has not offered proof that he did not commit the other arsons. The relevance of other similar crimes derives from the inference that "if the defendant did not commit the other crime he probably did not commit this one." See Cox, 54 F.4th at 514 (citation and quotation marks omitted). In other words, other crimes can negate the defendant's guilt only

5

if they were committed by "some person other than himself." See Holt, 342 F.2d at 166. So, for example, in United States v. Walton, 217 F.3d 443, 449 (7th Cir. 2000), the Seventh Circuit held that the district court properly excluded evidence of an unsolved theft from the same ATM as in the charged crime. The Court adopted the following reasoning by the district court:

> [U]nless there is evidence tending to show that [the defendants] were not involved in the February occurrence, all this evidence that you propose to offer *would suggest that somebody, including [the defendants] as a very real possibility, committed a similar offense back in February*. That does not tend to show that they are not guilty of the offense charged here.

Id. at 450 (alterations and emphasis in original). Because defendant has not disproved his involvement in the arsons on the map, the other arsons are not admissible to negate his guilt.

The United States is not aware of any case in which evidence like that offered here was admitted as proof of the defendant's innocence. In fact, the United States is not aware of any case in which such evidence was even offered. But the Fifth Circuit's unpublished decision in United States v. Freeman, 75 F. App'x 959 (5th Cir. 2003) (per curiam), is illustrative of the futility of defendant's offer of proof. In Freeman, the Court held in a three-sentence per curiam opinion that "the district court did not abuse its discretion in excluding appellant's 'reverse 404(b)' evidence." 75 F. App'x at 959. While the Court did not elaborate on the facts or its reasoning, the proffer at issue was discussed in the parties' briefs, which are available on Westlaw. See Freeman's Br., 2003 WL 23313282; U.S. Br., 2003 WL 23313283. In the Freeman case, the defendant was charged with a bank robbery. U.S. Br. at *4. The primary issue at trial was identity, Freeman Br. at *22, and Freeman sought to introduce evidence of a specific series of other robberies committed in the same geographical area as the charged robbery within two months of the charged robbery. Id. at *10-*11, *22; U.S. Br. at *33.

6

The description of the perpetrator in the other robberies was arguably similar to the description of the robber in the charged crime. Freeman Br. at *22. In our case, the defendant's proffer is not limited to a series of robberies linked to a single arsonist, and there is no evidence that the arsonists in the other cases resemble the arsonist in this case. There is thus even less reason to admit defendant's evidence than there was in Freeman. In fact, there is *no* reason to admit defendant's evidence of other arsons.

## IV.     Conclusion

For the foregoing reasons, defendant's evidence of other arsons in Baton Rouge should be excluded.

Respectfully submitted,

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY


/s/ M. Patricia Jones
M. Patricia Jones, LBN 18543
Caroline B. Gardner, LBN 33842
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
