UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES

VERSUS

SALEEM Y. DABIT

CRIMINAL

NO. 19-143 JWD-RLB

### MEMORANDUM IN OPPOSITION TO UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER ARSONS [DOC. 143]

As the Government points out, NFPA 921 Guide for Fire and Explosion Investigations is the recognized industry standard for conducting fire investigations. It is a learned treatise as contemplated by the Federal Rules of Evidence.

There is no question that the fire in this case was the product of arson. The jury's decision in this case is to determine whether the Government can prove beyond a reasonable doubt that Sam Dabit committed the arson. It is submitted to the Court that the ATF investigators failed to abide by the industry standards set forth in NFPA 921.

Chapter 24 of NFPA 921 discusses, among other things, "other evidentiary factors" which should be recorded and examined. Chapter 24.4.2 reads:

> "It is through the analysis of confirmed incendiary fires that trends or patterns in repetitive fire setting behaviors may be detected. The key to this analysis is whether the fire setting is repetitive or not. This analysis may assist the investigator in the development and the identification of possible suspects. Repetitive fire setting, sometimes called *serial fire setting* or *serial arson*, refers to a series of three or more (incendiary) fires, where the ignition is attributed to the individual or a group acting together. …"

24.4.2 then lists three principal trends that may be identified through analysis:

1. Graphic areas or clusters,

2. Temporal frequency,

3. Materials and methods.

The Government's investigators failed to abide by these industry standards.

The defense filed a public records request with the Baton Rouge Fire Department. The original request sought all arsons (we did not ask for all fires) one year before the date of this fire and one year after. Our geographical area was East Baton Rouge Parish. The response provided by the fire department was shocking. There were countless arsons in this Parish during that time period. The Government has attached the comprehensive list to their Motion. The defense is not asking to present all of these arsons. The defense narrowed and refined the list to simply 60 days before and 60 days after and narrowed the geographical area to a four mile radius. After doing this, the defense took the arsons left and plotted them on a map which the Government has also attached to its Motion.[1] Attached as Exhibit A are the relevant portions of Chapter 24 of 921 regarding repetitive fire setting.

Another topic which NFPA 921 directs the investigator to consider is motive for fire setting. Indeed, the Government has spent significant time and resources focused on Mr. Dabit's motives. By ignoring other fires, they are ignoring what 921 tells them to look for in other people. 24.4.9.1 reads:

> Motive indicators should not be included or substituted as analytical elements of the fire scene for the purpose of determining or classifying the fire cause. The proper use of motive indictors in the fire investigation process is in identifying potential suspects only after the fire origin and cause have been determined and the fire has been classified as incendiary.

That is exactly the situation we find ourselves in. We are not looking at motive to determine what caused the fire. We should look at motive (as the Government has done to Mr. Dabit) in identifying

---

[1] Note, as to "temporal" aspect of fires, there are many more fires the defense could submit which occurred closely in time to the subject fire but were not close in location. In an effort to be fair, the defense has limited it to a short radius around Sam's clothing store, regardless of when the fire took place.

potential suspects.  This should be done after the fire origin has been determined.  Again, the Government failed to do it.  NFPA goes on at 24.2.9.3.1.2 to discuss behaviors that may identify a motive.

> The behaviors that may identify a possible motive, and thus a possible suspect, apply whether the fire is the result of a one-time occurrence or multiple occurrences, such as with a repetitive or serial firesetter.  There are three classifications of repetitive firesetting behavior. These are identified as serial arson, spree arson, and mass arson.  The terminology used in classifying a repetitive firesetter is similar to the terminology used in murderers.  *Serial arson* involves an offender who sets three or more fires, with a cooling-off period between the fires. *Spree arson* involves an arsonists who sets three or more fires at separate locations with no emotional cooling-off period between fires. *Mass arson* involves an arsonist who sets three or more fires at the same site or location during a limited period of time.

So had the investigators in this case done what they should have done and followed the mandates of 921 and examined other incendiary fires, they may have in fact developed a suspect.

Continuing, 24.4.9.3.1.3, 921 talks about six motive classifications:  (1) Vandalism; (2) Excitement; (3) Revenge; (4) Crime concealment; (5) Profit; and (6) Extremism.

It is interesting to note that Agent O'Brien told Mr. Dabit of the many other investigative techniques he planned on using to determine who was the arsonist.  He told Mr. Dabit that they would test the gas cans for DNA and fingerprints; he told Mr. Dabit that they would go to the local Walmart, Home Depot, and other locations to look at video to see if he is on there buying gas cans; he told Mr. Dabit that they may subpoena his wife and children to the Grand Jury or that he would interview them.  All of these are great investigative techniques that any fire investigator should use.  The problem with the Government's position is they think that Agent O'Brien can only use some of the investigative techniques and ignore others.

The Government represents in their brief that "O'Brien will be testifying only as to the origin and cause of the fire, not as to the identification of the arsonist."  However, agent O'Brien

Case 3:19-cr-00143-JWD-RLB   Document 145   01/16/23   Page 4 of 5

told the Grand Jury that "the ATF and the Baton Rouge Fire Department have excluded other possible sources and determined that Dabit was the only one responsible." He went to great lengths to try to find evidence to support the Government's position that Mr. Dabit was the arsonist. He ignored everything else.

The Government claims that his failure to conduct an analysis of other incendiary fires in Baton Rouge is irrelevant. Nothing could be further from the truth. Why is it okay for him to pursue every lead possible on Mr. Dabit and yet take no action on any other suspects?

The Government next claims that the map does not "disclose any trends or patterns of repetitive fire setting." Again, this is not true. The map shows geographic location as called for by 921 as well as temporal, as called for by 921. These are the trends or patterns that 921 tells a good investigator to look for. And yes, the defense wants to ask Agent O'Brien where he should have looked – a very limited area and time span. We are not asking Agent O'Brien what he should have looked for; he knows that. He knows, had he looked, he would have found that there were other arsons close in time and proximity and he could have developed other suspects.

We all remember years ago when Derek Todd Lee, a serial killer, terrorized this city. The way he was caught was by good investigators examining other murders. Can you imagine a homicide detective looking at only one murder and choosing to disregard looking at the other murders? That is exactly what happened here. They never even looked.

The map and the redacted list should be admitted into evidence.

Respectfully submitted:

/s/John S. McLindon
John S. McLindon
Attorney at Law   LA Bar No.19703
12345 Perkins Road
Baton Rouge  LA  70810
Telephone: 225-408-0362
Email: john@mclindonlaw.com

Page **4** of **5**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day 16TH of January, 2023 the foregoing was filed electronically with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                         /s/John S. McLindon
                                         JOHN S. McLINDON