UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL ACTION |
| VERSUS | |
| | NO. 19-143-JWD-RLB |
| SALEEM YOUSEF DABIT, a/k/a "Sam Dabit" | |

### RULING AND ORDER

This matter comes before the Court on the *Motion for Release Pending Appeal* (Doc. 202) (the "*Motion*") filed by Defendant Saleem "Sam" Dabit ("Dabit" or "Defendant"). The United States opposes the *Motion*, (Doc. 205), and Defendant has filed a reply, (Doc. 206). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the *Motion* is denied.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was charged by way of a three-count Amended Indictment with (1) use of fire to commit a felony; (2) use of fire to maliciously damage property; and (3) wire fraud. (Doc. 64.) Trial began on January 23, 2023, (Doc. 156) and, a few days later, the jury returned a verdict, finding Defendant not guilty of Counts 1 and 2 and guilty of Count 3. (Docs. 161, 163.) Defendant was allowed to remain on bond pending the sentencing. (Doc. 161.)

After trial, Defendant filed a *Motion for Post Verdict Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure Rule 29* (Doc. 179). Defendant essentially argued: (1) the verdict was not merely inconsistent but impermissibly irreconcilable, (Doc. 179-1 at 12–13; Doc. 185 at 3); and (2) that there was insufficient evidence to support the verdict on the wire fraud count, (Doc. 179-1 at 13; Doc. 185 at 1–3).

The Court denied Defendant's post-trial motion in a May 23, 2024, *Ruling and Order* (Doc. 190). As to the first argument, this Court examined Supreme Court and Fifth Circuit precedent and concluded, "Based on these authorities, Defendant's argument easily fails." (*Id.* at 6–9.) Concerning Defendant's second contention, this Court found that it "agree[d] with the Government's analysis that there was substantial evidence supporting the jury verdict." (Doc. 190 at 17.) Undersigned explained that "Defendant's position rests on several false premises[,]" including:

(1) That the jury's decisions on Counts 1 and 2 equated to a finding that he could not have started the fire or lied about the fire for purposes of Count 3, despite the above authorities allowing for inconsistent verdicts, (*id.* at 17–18);

(2) That Defendant could prevail by showing that he didn't make false statements about his initial call to Hanover, even though (a) there was substantial evidence (including at least seven items "exquisitely cataloged" by the Government) that Dabit did in fact lie on this claim call and did in fact know that the fire was not caused by electrical issues, (*id.* at 18–20); and (b) even if Defendant did not lie during the call, a "reasonable jury could easily have concluded that Dabit lied" in other ways, each of which would have supported the jury verdict, (*id.* at 20–21); and

(3) That the Government's evidence required the impermissible "piling of inference upon inference" when, in fact, the jury reasonably and permissibly relied upon circumstantial evidence, (*id.* at 21–22).

The Court ended the *Ruling and Order*:

> In closing, the Court notes that this case was extremely well tried by all attorneys involved, through some of the best advocacy this Court has seen in nearly ten years on the bench. But, the Court's review here is "highly deferential to the verdict," and "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [*United States v. Emordi*, 959 F.3d 644, 650 (5th Cir. 2020)] (citations omitted). As demonstrated above and in the Government's well-reasoned briefing, the United States has easily met that standard. Accordingly, Defendant's motion will be denied.

(*Id.* at 22.)

On July 25, 2024, Defendant's sentencing hearing was held. (Doc. 195.) Dabit's guideline range for custody was 41 to 51 months. (Doc. 189 at 18.) But, because of the history and characteristics of the Defendant (including his age, performance on pretrial supervision, lack of criminal history, stable employment, and the unlikelihood of his recidivating), Defendant was sentenced by way of a downward variance to a term of imprisonment of 12 months and one day. (Doc. 197.) Dabit was ordered to report to the Bureau of Prisons before 2:00 p.m. on August 26, 2024. (Doc. 196.)

Defendant timely appealed the jury verdict and the Court's denial of his Rule 29 motion. Doc. 200.) He now moves to remain on bond pending the appeal. (Doc. 202.)

## II. RELEVANT STANDARD

18 U.S.C. § 3143(b) governs applications to remain on bond pending appeal. *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990); *United States v. Tinghui Xie*, No. 17-92, 2019 WL 982855, at *1 (M.D. La. Feb. 28, 2019) (deGravelles, J.). This statute provides in relevant part:

> **(b) Release or detention pending appeal by the defendant.—**
>
> **(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
>> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>>
>>> **(i)** reversal,
>>>
>>> **(ii)** an order for a new trial,

3

> > **(iii)** a sentence that does not include a term of imprisonment, or
> >
> > **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143.

The Fifth Circuit has interpreted this statute and explained:

> To obtain release pending appeal, a convicted defendant must establish four factors: (1) that he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment.

*Clark*, 917 F.2d at 179 (citing Fed. R. App. P. 9(c); and then citing 18 U.S.C. § 3143(b)).

### III. DISCUSSION

#### A. Parties' Arguments

The parties dispute only the third and fourth *Clark* factors. (*See* Doc. 205 at 2–3; Doc. 206 at 1.) Thus, the Court will limit its analysis to those.

Defendant contends:

> This Court is well aware of all of the facts of this case. There is no question that the verdicts are inconsistent and irreconcilable. Moreover, the defense re-urges its position that for the verdict to be upheld it must be supported by substantial evidence on each element of the offense of conviction. The Fifth Circuit has ruled that a verdict should not be based on suspicion, speculation, conjecture, or an overly attenuated piling of inference upon inference.

4

(Doc. 202-1 at 2–3 (citation omitted).)

The United States responds that Defendant has not satisfied the final two requirements for release. (Doc. 205 at 2.) The United States asserts that Defendant never identifies the "substantial question" raised by his appeal. (*Id.* at 3.) According to the United States, Defendant's real complaint is that the law makes no distinction between direct and circumstantial evidence, but that is legally untenable. (*Id.*) The United States then turns to Defendant's *Notice of Appeal* (Doc. 200) and asserts that, if Defendant is arguing there is insufficient evidence for the jury verdict, then that contention also fails, particularly in light of the high deference the appellate court gives to jury verdicts and especially given this Court's "well-reasoned ruling and order" rejecting Defendant's post-trial motion. (Doc. 205 at 3–5.)

Defendant replies that, in his original brief, "the defense succinctly and briefly as possible, points out that the substantial question of law or fact is whether or not the verdict was supported by substantial evidence on each element of the offense of conviction, and whether or not verdicts that irreconcilable can stand." (Doc. 206 at 1.) Defendant urges that there are substantial questions on this issue, as evidenced by the extensive briefing and the Court's 22-page ruling on Defendant's post-trial motion. (*Id.* at 1–2.) While this Court denied Defendant's motion, a different judge may view the matter differently. (*Id.* at 2.) The problem, says Defendant, is not the fact that the verdict was based solely on circumstantial evidence but that "the circumstantial evidence is based on inference after inference, after inference." (*Id.*) The Fifth Circuit could agree with Dabit. (*Id.* at 3.) Defendant closes:

> Mr. Dabit is 77 years old. He has never been in trouble in his life. He does not pose a flight risk or danger to anyone. The Appeal is not for delay but to address a very important question of law. If the Fifth Circuit reverses, Mr. Dabit will not have to serve any jail time. He should be allowed to remain out on bond.

5

(*Id.* at 3.)

    **B. Applicable Law**

"The Fifth Circuit has defined a 'substantial question' as (1) a question that is novel, has not been decided by controlling precedent, or which is fairly doubtful, (2) a close question that could be decided the other way, or (3) a question that raises 'a substantial doubt (not merely a fair doubt) as to the outcome of its resolution.'" *United States v. Calmes*, No. 11-150, 2013 WL 12092235, at *3 (M.D. La. Jan. 30, 2013) (citing *United States v. Brown*, No. 01-004, 2001 WL 812083, at *1 (E.D. La. July 18, 2001) (citing *United States v. Valera-Elizondo*, 761 F.2d 1020, 1023–24 (5th Cir. 1985))). "[W]hether a question is substantial must be determined on a case-by-case basis." *Valera-Elizondo*, 761 F.2d at 1024. Further, "the absence of controlling precedent is only one factor to be considered in the court's determination of whether a defendant's argument has a substantial chance of prevailing." *Id.*

With respect to the fourth factor, "likely" has its "ordinary meaning of 'more probable than not.'" *Id.* at 1025. Further, "[i]n considering whether it is more probable than not the Fifth Circuit or the Supreme Court will reverse, order a new trial, or impose no imprisonment or less imprisonment, the Court will consider the standard of review an appellate court would apply to each ruling." *United States v. Barnes*, No. 15-61, 2019 WL 201500, at *3 (E.D. La. Jan. 15, 2019) (citing, *inter alia*, *Clark*, 917 F.2d at 180 ("[G]iven that a lower court's denial of a motion to withdraw a guilty plea is reversed only for an abuse of discretion, we cannot conclude that this allegation of error is so convincing as to indicate that Clark has 'a substantial chance of prevailing' on appeal.") (citations omitted)).

6

### C. Analysis

Having carefully considered the matter, the Court will deny Defendant's *Motion*. In short, Defendant has failed to meet his burden of establishing the third or fourth requirement for release.

First, Supreme Court and Fifth Circuit precedent forecloses Defendant's contention that the verdict was impermissibly irreconcilable. The Court need not rehash all of the authorities detailed in its *Ruling and Order* on Defendant's post-trial motion; but, as the Court there said, based on those cases, Defendant's argument "easily fails." (Doc. 190 at 6–9.) Defendant has not shown that this is a novel or close question or that there is substantial doubt about its resolution. *See Calmes*, 2013 WL 12092235, at *3. Thus, Defendant has failed to show that "the appeal raises a substantial question of law or fact[.]" *Clark*, 917 F.2d at 179.

Second, Defendant has not shown that it is more probable than not that he will obtain a reversal or new trial on appeal based on the sufficiency of the evidence, particularly in light of the standard the Fifth Circuit will apply. *See Barnes*, 2019 WL 201500, at *3. Again:

> [The Fifth Circuit] review[s] *de novo* a preserved challenge to the sufficiency of the evidence, viewing all evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict. *United States v. Eghobor,* 812 F.3d 352, 361–62 (5th Cir. 2015). This standard is "highly deferential to the verdict." *United States v. Roetcisoender,* 792 F.3d 547, 550 (5th Cir. 2015) (citation omitted). " 'The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt,' in order to be sufficient." *United States v. Grant,* 683 F.3d 639, 642 (5th Cir. 2012) (quoting *United States v. Moreno,* 185 F.3d 465, 471 (5th Cir. 1999)). Instead, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 [ ] (1979).

*United States v. Harris*, 821 F.3d 589, 598 (5th Cir. 2016).

For all the reasons highlighted above and set forth in detail in the Court's *Ruling and Order*, "the United States has easily met that standard" of showing that the evidence was sufficient to convict Defendant of Count 3. (Doc. 190 at 22; *see id.* at 7–22.) For example, the Court specifically rejected Defendant's argument about the "piling of inference upon inference;" the Court explained that "Defendant's real complaint is the Government's reliance on circumstantial evidence," and the Court found "that the conclusions reached by the jury were reasonable." (*Id.* at 21–22.) Again, this is not a novel or close question or one in which the resolution is in doubt. *See Calmes*, 2013 WL 12092235, at *3.

In closing, the Court notes that it is sympathetic to Defendant's age and lack of criminal history. Indeed, these are some of the reasons Defendant received such a considerable downward variance. But, the Court remains bound to apply § 3143 and *Clark*, and, under that standard, Defendant has not shown that he is entitled to release pending appeal.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion for Release Pending Appeal* (Doc. 202) filed by Defendant Saleem "Sam" Dabit is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>August 26, 2024</u>.

                                   **JUDGE JOHN W. deGRAVELLES**
                                   **UNITED STATES DISTRICT COURT**
                                   **MIDDLE DISTRICT OF LOUISIANA**